IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

New Day Farms, LLC,              :

    Plaintiff,                   :

    v.                           :   Case No. 2:08-cv-1107

                                 :   JUDGE GRAHAM

Board of Trustees of York
Township, Ohio, et al.,
                                 :

    Defendants.

<u>ORDER</u>

    This case is before the Court to consider plaintiff New Day Farms' motion for leave to file an amended complaint. The motion has been fully briefed. For the following reasons, the motion will be granted.

I.

    In the initial complaint, New Day asserts claims under 42 U.S.C. §1983 and 42 U.S.C. §1985(3) for a violation of its constitutional rights arising from the defendants' enforcement of a fire code. According to the complaint, New Day is a Minnesota limited liability company that operates a poultry farm in York Township, Union County, Ohio. New Day claims that its due process and equal protection rights have been violated by the enforcement of the fire code in a discriminatory manner designed to unduly burden out of state poultry farms. New Day has named as defendants essentially two separate groups - the Board of Trustees of York Township, Ohio and its members and the Northwest Neighborhood Association and Pamela D. Williams.

    New Day seeks to amend its complaint at paragraphs 5, 8 and 9 to expressly state that the defendants have engaged in joint

action.  Further, New Day seeks to amend paragraphs 43 and 48 to allege the defendants failed to comply with publication requirements and the that Hale Township failed to comply with the Sunshine Law.  Additionally, the proposed amended complaint sets forth additional allegations at paragraphs 105-112 that New Day contends support its §1985(3) claim.  Finally, the amended complaint contains a minor clarification of paragraph 14.

The two groups of defendants have filed responses to the motion to amend.  The first group, NNA and Ms. Williams, requests that the Court strike paragraphs 105 and 111 of the proposed amended complaint pursuant to Fed.R.Civ.P. 12(f) on grounds that the allegations in those paragraphs are "immaterial, impertinent, [and] scandalous."  Alternatively, the NNA and Ms. Williams request that, if the Court allows the amended complaint to be filed, New Day be required to attach its source material.  The second group, the Board and its members, oppose the amendment, apparently in its entirety, on grounds of futility.  Alternatively, the Board and its members adopt the arguments set forth by the NNA and Ms. Williams.

II.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires."  The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith

Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v.

Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir. 1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir. 1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

III.

The Court will first address the issue regarding the futility of the amendment raised by the Township defendants. There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss. Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989). Consequently, rather than determining the actual legal sufficiency of the claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

Such an approach seems to be even more appropriate under the circumstances of this case. Here, New Day is not seeking to add new claims but to clarify or include additional factual allegations in support of the claims previously alleged. The NNA defendants and Ms. Williams have already filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss raising many of the same issues with respect to plaintiff's 1985(3) claim that they raise in opposition to the proposed amendment. Here, a ruling denying leave to amend would require the Magistrate Judge to address the exact issues more properly left to the District Judge in ruling on the pending motion to dismiss. Given this scenario, the Court, in its discretion, will not deny the motion for leave to amend on grounds of futility. Consequently, the motion for leave to amend will be granted to the extent set forth below.

Before concluding whether the amended complaint should be filed as tendered, the Court must consider the other issue raised by the parties - whether the two specific paragraphs identified by the NNA and Ms. Williams should be stricken pursuant to Fed.R.Civ.P. 12(f).

Fed.R.Civ.P. 12(f) provides that the Court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." "Immaterial" allegations are generally defined as those that "have no bearing on the subject matter of the litigation." Johnson v. The County of Macomb, 2008 WL 2064968, *1 (E.D. Mich. May 13, 2008); see also Dean v. Gillette, 2004 WL 3202867, *1 (D. Kan. June 8, 2004). "Impertinent" allegations have been defined as statements that do not pertain or are not necessary to the issues in question. See 5C Wright & Miller Federal Practice & Procedure §1382 (3d ed. 2009). A "scandalous" allegation "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that

5

detracts from the dignity of the court." Pigford v. Veneman, 215 F.R.D. 2, 4 (D.D.C. 2003); see also In re 2TheMart.com Inc. Securities Litigation, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000) ("scandalous" includes allegations that place "cruelly derogatory light on a party or other person."). Striking a portion of a pleading is a drastic remedy and motions to strike under Fed.R.Civ.P. 12(f) are generally disfavored. Johnson, (citing Wrench LLC v. Taco Bell Corp., 36 F.Supp.2d 787, 789 (W.D. Mich. 1998)). The decision to grant a motion to strike is within the Court's discretion. Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000); 5C Wright & Miller §1382. However, motions to strike are typically denied unless the allegations at issue do not relate to the subject matter of the action and may cause "significant prejudice" to one or more of the parties. 5C Wright & Miller §1382; see also Dean.

Here, both groups of defendants assert that the allegations in paragraphs 105 and 111 must be stricken because they are immaterial, impertinent, and scandalous. Paragraph 105 contains a series of statements attributed to Ms. Williams and various other individuals believed to be members or supporters of NNA. New Day asserts that these quotations provide specific facts to support its §1985(3) claim that defendants have demonstrated animus toward Hispanic workers or other workers based on their national origin. Paragraph 111 reiterates three brief quotations from Ms. Williams or her husband which New Day cites as a pretext for intentional national origin discrimination.

The defendants object to the use of these quotations on grounds that none of them relate to New Day and they are taken completely out of context. In their brief, the NNA and Ms. Williams identify the source of each quotation and set out in detail the full quotation to contrast with the portions selected by New Day for use in the amended complaint. The quotations'

6

sources are identified as testimony at a public hearing, comment sheets solicited by New Day's counsel, and letters to the Governor of Ohio. Based on their comparison, the defendants argue that no reasonable inference of racial animus can be drawn. As a result defendants contend, relying on Pigford, that New Day's allegations are an "accusation of racism ... unsupported by facts or evidence" making the allegations subject to being stricken as immaterial, impertinent and scandalous.

The Court does not agree that New Day's allegations in paragraphs 105 and 111 are required to be stricken. Section 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Consequently, a complaint setting forth a cause of action under §1985(3) is required to contain such an allegation or be subject to dismissal. An allegation of class-based animus does not become an accusation of racism simply because defendants believe the facts as pled are insufficient to support a §1985(3) claim. As explained above, the potential insufficiency of the plaintiff's allegations is an issue to be addressed by the District Judge in considering a motion to dismiss. It is not grounds for striking paragraphs 105 and 111 from the amended complaint under Fed.R.Civ.P. 12(f). Moreover, defendants' reliance on Pigford is misplaced. In that case, the Court found it necessary to strike groundless and irrelevant statements directed at opposing counsel. That is simply not the situation here. Consequently, the motion to strike will be denied and the amended complaint will be filed as tendered.

With respect to defendants' request that New Day be required to attach its source material to the complaint, the Court is unaware of any such obligation under the Federal Rules of Civil Procedure. Further, the defendants have not provided the Court

with any authority indicating that New Day must attach its source materials.  As with any other pleading, however, New Day's obligations in filing its amended complaint remain subject to Fed.R.Civ.P. 11.

IV.

Based on the foregoing, the plaintiffs' motion for leave to file an amended complaint (#33) is granted.  The Clerk shall detach and file the amended complaint attached to the motion.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge